UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robbyjoe V. Yabut,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Chipotle,<br><br>　　　　　Defendant(s). | 2:24-cv-01223-CDS-MDC<br><br>**ORDER DENYING THE IFP APPLICATION WITHOUT PREJUDICE, WITH LEAVE TO REFILE (ECF NO. 1)** |

  Incarcerated pro se plaintiff Robbyjoe V. Yabut filed an *Application to Proceed In Forma Pauperis* ("IFP"). ECF No. 1. The Court DENIES the IFP application without prejudice, with leave to refile. *Id.*

**I. LEGAL STANDARD**

  Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

  Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the

1

prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

## II. PLAINTIFF'S IFP APPLICATION

Plaintiff Yabut is currently incarcerated. Plaintiff's IFP application is deficient for several reasons. Plaintiff submitted the prisoner IFP application, a copy of declaration and the financial certificate, and the financial certificate is signed by the appropriate official. ECF No. 1 at 4. Plaintiff did submit a certified copy of the trust fund account statement (or institutional equivalent). However, plaintiff provides contradictory information, which the Court believes caused an issue for the authorized officer that signed the certificate.

Plaintiff checked the box that he wants to file a writ of habeas corpus on his IFP application (ECF No. 1 at 1) but his proposed complaint states that he wishes to bring a civil case regarding an assault that he states happened at Chipotle (ECF No. 1-1). However, since plaintiff checked off the habeas box on his IFP application, the authorized officer calculated that plaintiff need only pay a $5.00 filing fee for a habeas corpus case, rather than 20% of his average monthly balance or deposits (which ever is greater). If plaintiff seeks to bring a civil case, rather than one for habeas relief, (assuming plaintiff qualifies for IFP status) the Court calculates that plaintiff must pay an initial filing fee of $10.00, followed by installments of 20% of each proceeding month's balance until he pays the full $350.00 filing fee.

Plaintiff's IFP application should correctly check off the type of relief he seeks. Plaintiff also left question five blank. Plaintiff must answer all questions on the renewed application with detailed explanations about his income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation. If plaintiff decides that he wants to seek a civil case rather than a habeas case, plaintiff must also submit a new financial certificate, signed by the appropriate

officer, where plaintiff checks the correct box. The Court thus denies plaintiff's IFP application, with leave to refile one that complies with the PLRA.

### III. PLAINTIFF'S COMPLAINT

Plaintiff's complaint appears to be styled as a civil case, but as noted above, his IFP application states that he requests habeas relief. See *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Considering Nevada's available and adequate habeas remedies, a civil case is not the correct procedural mechanism for Yabut's requested relief. The Court also orders that plaintiff file a notice indicating if he wishes to pursue his civil case or if he wants to file a habeas petition.

The Court also notes that plaintiff recently filed two other cases in this Court, including one that is assigned to the undersigned Magistrate Judge that has similar deficiencies. The Court cautions plaintiff that pro se parties must follow the same rules of procedure that govern other litigants, including Federal Rule of Civil Procedure 11. While plaintiff's three cases are in the early stages, plaintiff could face consequences if his cases are ultimately deemed frivolous. A violation of Rule 11 is subject to sanctions, and pro se litigants are subject to all appropriate sanctions for their misconduct, including pro se litigants who file frivolous or repetitive lawsuits. Fed. R. Civ. P. 11.

**IT IS ORDERED that:**

1. Plaintiff Robbyjoe V. Yabut's *Application to Proceed In Forma Pauperis* (ECF No. 1) is DENIED without prejudice.

2. By **August 29, 2024,** plaintiff Yabut shall either pay the full filing fee OR file a fully complete IFP application. The IFP application must include:

    a. A clarification regarding the type of relief he seeks and responses to all the questions without leaving anything blank;

      b. A completed financial certificate that is signed by both the inmate and the appropriate prison or jail official that correctly identifies the type of relief he seeks; and

3. By **August 29, 2024**, plaintiff shall file a notice with the Court indicating whether he: (a) wishes to pursue his § 1983 civil rights complaint or (b) wishes to strike his § 1983 civil rights complaint (ECF No. 8) and pursue a habeas petition. If Plaintiff does not designate one of these options, the Court may recommend dismiss the entire case without prejudice because plaintiff cannot proceed simultaneously on both his § 1983 claims and seek habeas relief in the same case.

4. Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

5. Plaintiff Yabut is CAUTIONED that pro se parties must follow the same rules of procedure that govern other litigants.

6. The Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after plaintiff either files a new IFP or pays the filing fee. See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 30th day of July 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge