UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Robbyjoe V. Yabut, | Case No. 2:24-cv-01223-CDS-MDC |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Chipotle, et al., | |
| Defendants | [ECF No. 8] |

Plaintiff Robbyjoe Yabut was in custody at the time he submitted his complaint against Chipotle and three of its cooks (ECF No. 1-1), alongside an application to proceed *in forma pauperis* (IFP) (ECF No. 1). After finding a discrepancy in the relief Yabut seeks, United States Magistrate Judge Maximiliano D. Couvillier denied Yabut's IFP application and ordered him to either pay the filing fee or file a fully complete IFP application, to include clarification on the type of relief he seeks. *Id.* at 3–4. Yabut timely complied and his renewed application was granted, but Yabut was ordered to pay the initial partial filing fee by October 18, 2024. Order, ECF No. 6. Two months passed, and Yabut had not paid the fee or otherwise responded so Judge Couvillier ordered Yabut to show cause as to (1) what steps he has taken to pay the partial filing fee, and (2) why the case should not be dismissed for his failure to prosecute. ECF No. 7. Judge Couvillier gave Yabut until December 18, 2024, to show cause and to pay the partial filing fee or to supply a copy of his inmate trust fund account statement. *Id.* That deadline expired, and an additional month passed, without a response from Yabut. Judge Couvillier's report and recommendation ("R&R"), issued on January 13, 2025, recommends that this case be dismissed. R&R, ECF No. 8. Yabut had until January 27, 2025, to file any objections to the R&R. *Id.* at 3–4 (citing Local Rule IB 3-2 (stating that parties wishing to object to an R&R must file specific

written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1) (same). The copy of the R&R sent to Yabut was returned as undeliverable.[1] ECF No. 9.

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[2] I nonetheless reviewed it here and agree with Judge Couvillier's finding that four of the five factors weigh in favor of dismissal. ECF No. 8 at 2–3 (citing *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006)). I further agree that the fourth factor, the public policy favoring disposition on the merits, is greatly outweighed by the factors favoring dismissal. *Id.* Yabut has repeatedly disregarded the deadlines set by the court and did not respond in any way to the order to show cause. Where a case is delayed by a party's failure to comply with deadlines, the case cannot move forward toward resolution on the merits. *In re PPA*, 460 F.3d at 1228. I thus accept Judge Couvillier's R&R and dismiss this action without prejudice.

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 8] is adopted** in its entirety. This action is now **dismissed without prejudice**. The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: January 30, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] Yabut filed his complaint while in custody at the Clark County Detention Center but has seemingly been released because the R&R mailed to him was undeliverable there. ECF No. 9. Yabut has not filed a notice of change of address or otherwise notified the court of his current address, a violation of Local Rule IA 3-1 ("pro se party must immediately file with the court written notification of any change of mailing address. . .").

[2] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).